# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR99-3012-MWB |
| vs. | **ORDER CONCERNING DEFENDANT'S MOTION TO REDUCE SENTENCE** |
| TREVOR HEWETT, | |
| Defendant. | |

---

## I. INTRODUCTION AND BACKGROUND

Following the return of a twenty-three count superceding indictment, defendant Trevor Hewett with conspiracy to distribute and possess with intent to distribute methamphetamine, cocaine and marijuana and to use a communications facility in facilitating and causing the commission of acts constituting a felony under the Controlled Substances Act (Count 1), in violation of 21 U.S.C. § 846, six counts of using a telephone to facilitate illegal drug activities (Counts 3-6, 8-9), in violation of 21 U.S.C. § 843(b), possessing marijuana with intent to distribute (Count 10), in violation of 21 U.S.C. § 841(a)(1), possessing methamphetamine with intent to distribute (Count 11), in violation of 21 U.S.C. § 841(a)(1), possessing one or more firearms in furtherance of the crimes charged in Counts 1, 11, and 12 (Count 12), in violation of 18 U.S.C. 924(c); possession of one or more firearms by an unlawful user of controlled substances (Count 13), in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2); possession of a one or more explosive devices by an unlawful user of controlled substances (Count 18), in violation of 18 U.S.C. § 842(i); and, knowingly using explosives in committing the felony of conspiracy charged

in Count 1 and the distribution of methamphetamine (Count 19), in violation of 18 U.S.C. § 844(h).[1]  Defendant Hewett pleaded guilty to Counts 1 and 12 of the superceding indictment, pursuant to a written plea agreement.    In the plea agreement, defendant Hewett agreed to cooperate.  The plea agreement also stipulates that:

> It is understood and agreed that no motion for downward departure shall be made, under any circumstances, unless defendant's cooperation is deemed "substantial" by the United States Attorney's Office and defendant has fully complied with all provisions of this plea agreement.  The United States has made no promise, implied or otherwise, that a departure motion will be made or that defendant will be granted a "departure" for "substantial assistance." Further, no promise has been made that a motion will be made for departure even if the defendant complies with the terms of this agreement in all respects, but has not, in the assessment of the United States Attorneys' Office, provided "substantial assistance."

Plea Agreement at ¶ 13 (emphasis in original).

Pursuant to the plea agreement, defendant Hewett debriefed and provided information against his co-conspirators, including Juan Solano, Israel Solano,, Damon Torres, Curt Anderson, and John Torres.   Defendant Hewett provided grand jury testimony against Damon Torres, Curt Anderson and John Torres.

At his sentencing, the prosecution made a motion, pursuant to U.S.S.G. § 5K1.1 for downward departure.  The court discussed with defendant Hewett the possibility of his obtaining a further reduction in sentence pursuant to Rule 35(b), but advising him that such a motion was not guaranteed:

THE COURT:        I also want to make sure you understand

---

[1] The remaining twenty-one counts of the superceding indictment relate to defendant Hewett's co-defendants or the forfeiture of certain real and personal property.

2

|                    | at this point —have you had discussions with Mr. Lane about the potential for what's called the —a Rule 35(b) motion? |
|--------------------|---|

THE DEFENDANT:        Yes, your Honor.

THE COURT:        And do you understand that within a year from today's date, if you provide additional substantial assistance to the United States, then Mr, Williams may, but does not have to, make what we call a Rule 35(b) motion, and then that would allow me another opportunity to take a look at whether or not to reduce your sentence further?  Do you understand that?

THE DEFENDANT:        Yes, your Honor.

THE COURT:        And the same thing applies.  The Government doesn't have to make a motion.  If they make a motion, I don't have to grant it.  Do you understand that?

THE DEFENDANT:        Yes, your Honor.

Sent. Tr. 8-9

In support of its 5K1.1 motion, the prosecution pointed out that defendant Hewett had provided information about some of his co-conspirators, had provided grand jury testimony and had provided exculpatory information on the issue of his girlfriend's knowledge of a handgun.  The prosecution further noted that is was basing its motion, in part, on defendant Hewett's providing "information that will be helpful, we think, on additional cases, on some additional people that we already have some cases up against. And I anticipate having him back to testify in grand jury on additional cases, so there's that

information." Sent. Tr. at 14.

Defendant Hewett responded by requesting that the court give him credit then for information he had provided to the prosecution regarding co-conspirator Israel Solano's drug quantities, as well as other information he had provided regarding other possible targets for prosecution, arguing:

> But I think he should be-his sentence should be reduced for saving a trial, Israel Solano; and as a practical matter, being ready, willing and able to testify as to the quantities on both of these gentlemen, and any other additional open case that Mr. Williams may have in the process right now that we don't need to go into any particular detail about.

Sent. Tr. at 46. Moreover, in apparent recognition the vagaries of a Rule 35(b) motion, defendant Hewett requested the greatest sentence reduction possible then, reasoning:

> The Court knows I think that every Defendant needs to get the biggest break they can for the cooperation they have provided so far, because certainly the rules provide for a Rule 35(b), but you know, that-that hinges on a lot of future things; is he going to be able to testify at trial to really maximize his chance for a further reduction or is it just going to be one of those things where those targeted Defendant's find out that he's going to be a witness and essentially plead guilty?  One is obviously more valuable than the other.  There's a lot of future things that may or may not happen.  I'm confident he will continue with his cooperation and will be truthful.  But at the same time, it's certainly fair to Mr. Hewett to reward him, so to speak, for the maximum amount of reduction he could receive under 5K1 and that would be down to the ten years mandatory minimum.

Sent. Tr. at 46-47.

While the prosecution recommended a 25 to 30 percent reduction in defendant Hewett's sentence, the court granted the prosecutions's motion but reduced defendant

Hewett's 40 percent, from 210 months to 125 months.

Following his sentencing, co-defendants Juan Solano and Israel Solano were sentenced. Defendant Hewett was listed as a possible witness at both of their sentencings. The prosecution, however, was able to reach an agreement with both Solanos regarding sentencing, negating the prosecution's need to call defendant Hewett as a witness. Defendant Hewett did not testify in grand jury or at trial in any other case. The prosecution contends that after his sentencing, defendant Hewett did not provide any new or additional information to the prosecution that was used in any new investigation or prosecution. Defendant Hewett does not assert otherwise.

Defendant Hewett has filed a Motion To Reduce Sentence. In his motion, defendant Hewett requests that the court reduce his sentence due to his substantial assistance pursuant to Federal Rule of Criminal Procedure 35. Defendant Hewett contends that the prosecution acted illogically and in bad faith in not making a Rule 35(b) motion for a further reduction in his sentence. The prosecution has filed a timely response in which it indicates that the filing of a motion to reduce a defendant's sentence for substantial assistance pursuant to Rule 35 lies in the discretion of the government and that the prosecution determined that a Rule 35 motion was not warranted in this case. The prosecution contends that defendant Hewett has failed to make any showing that the prosecution's decision was either illogical or made in bad faith.

## II. ANALYSIS

Rule 35 of the Federal Rules of Criminal Procedure provides for a reduction in a defendant's sentence if the government moves for such a reduction. Rule 35 provides in relevant part that:

**(b) Reducing a Sentence for Substantial Assistance.**

**(1) In General.** Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.

**(2) Later Motion.** Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:

> **(A)** information not known to the defendant until one year or more after sentencing;
> **(B)** information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
> **(C)** information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

**(3) Evaluating Substantial Assistance.** In evaluating whether the defendant has provided substantial assistance, the court may consider the defendant's presentence assistance.

**(4) Below Statutory Minimum.** When acting under Rule 35(b), the court may reduce the sentence to a level below the minimum sentence established by statute.

FED. R. CRIM. P. 35(b).

It bears emphasis that a Rule 35 motion can be made exclusively by the United States Attorney's Office. Federal district courts have authority to review the government's discretionary refusal to file a Rule 35(b) motion in two narrow instances, "but the defendant must make a 'substantial threshold showing' of one of them before a court may act." *United States v. Marks*, 244 F.3d 971, 975 (8th Cir. 2001) (quoting *Wade v. United*

*States*, 504 U.S. 181, 186 (1992)); *accord United States v. Godinez*, 474 F.3d 1039, 1044 (8th Cir. 2007); *United States v. Hardy*, 325 F.3d 994, 996 (8th Cir. 2003); *United States v. Amezcua*, 276 F.3d 445, 447 (8th Cir.), *cert. denied*, 536 U.S. 947 (2002); *United States v. Romsey*, 975 F.2d 556, 558 (8th Cir. 1992). "Without such a showing, a defendant is not entitled to any remedy or even an evidentiary hearing." *Amezcua*, 276 F.3d at 447 (citing *Wade*, 504 U.S. at 186); *United States v. McClure*, 338 F.3d 847, 850 (8th Cir. 2003); *Hardy*, 325 F.3d at 996; *United States v. Wolf*, 270 F.3d 1188, 1190 (8th Cir. 2001); *United States v. Licona-Lopez*, 163 F.3d 1040, 1042 (8th Cir. 1998); *United States v. Rounsavall*, 128 F.3d 665, 667-68 (8th Cir. 1997). As the Eighth Circuit Court of Appeals observed in *Marks*, courts have authority to review the government's discretionary refusal to file a Rule 35(b) only in the following two instances,

> First, the defendant may show that the government's "refusal was based on an unconstitutional motive," such as race or religion. [*Wade*, 504 U.S.] at 185-86, 112 S. Ct. 1840. Second, the decision may qualify for court review if the defendant can make a threshold showing that "the prosecutor's refusal to move was not rationally related to any legitimate Government end," for example, that the decision was made arbitrarily or in bad faith. *Id.* at 186, 112 S. Ct. 1840.

*Marks*, 244 F.3d 975; *accord Hardy*, 325 F.3d at 996.

Here, defendant Hewett has made no substantial threshold showing of an unconstitutional motive or that the prosecution's refusal was not rationally related to a legitimate end. Defendant Hewett makes no claim that the prosecution's refusal to file a Rule 35(b) motion was based on an unconstitutional motivation. Thus, the question before the court is whether defendant Hewett has made a threshold showing that the Prosecution has acted irrationally or in bad faith.

The plea agreement here expressly stated that the decision whether or not to file a

motion for substantial assistance was entirely within the discretion of the prosecution. Defendant Hewett acknowledged this fact at the time of his plea hearing. Defendant Hewett asserts that he has, in his estimation, provided the government with substantial assistance. "However, a claim that a defendant provided substantial assistance will not entitle the defendant to relief or an evidentiary hearing." *Licona-Lopez*, 163 F.3d at 1042.

Defendant Hewett points to a statement made by the Assistant United States Attorney in charge of prosecuting his case at the time of his plea that he thought there was a good chance that the prosecution would file a Rule 35(b) motion on his behalf. The problem with this assertion lies in the fact that the statement was only the opinion of the Assistant United States Attorney and not a promise. Whether the assistance defendant Hewett provided was "substantial" is for the government to determine. *See United States v. Matlock*, 109 F.3d 1313, 1318 (8th Cir.) (holding that the defendant had not made a substantial threshold showing where plea agreement made motion conditional on government's assessment of defendant's assistance), *cert. denied*, 522 U.S. 872 (1997). Here, the prosecution disagrees with defendant Hewett's assessment of his cooperation. The prosecution points out that defendant Hewett never testified for the prosecution before any grand jury, at any hearing, or at any trial after his sentencing. Although it is apparent from both defendant Hewett's motion and the prosecution's response that defendant Hewett provided assistance to the prosecution, the prosecution points out that, in its view, defendant Hewett has already reaped his reward for that cooperation in light of the 40 percent reduction in his sentence granted him by the court on the prosecution's 5K1.1 motion. The fact that the prosecution does not feel as though defendant Hewett's assistance is worthy of another substantial assistance motion is no basis for granting the relief sought in defendant Hewett's motion.

In light of his failure to make a substantial threshold showing that the prosecution's

refusal to file a Rule 35(b) motion was based upon a constitutionally impermissible motive or that the prosecution's refusal to move was not rationally related to any legitimate government end, defendant Hewett's Motion To Reduce Sentence is denied.

**IT IS SO ORDERED.**

**DATED** this 21st day of July, 2009.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA